UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN MICHAEL ZINZOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV 17-4774 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　Plaintiff filed this action on June 28, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 10, 13.) On January 16, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

　　Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# PROCEDURAL BACKGROUND

Zinzow filed an application for disability insurance benefits on December 29, 2013. Administrative Record ("AR") 29. He alleged an amended onset date of January 1, 2013. AR 29. The application was denied initially and on reconsideration. AR 89, 104. Zinzow requested a hearing before an Administrative Law Judge ("ALJ"). On December 10, 2015, the ALJ conducted a hearing at which Zinzow and a vocational expert ("VE") testified. AR 48-72. On January 26, 2016, the ALJ issued a decision denying benefits. AR 26-40. On April 24, 2017, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Zinzow met the insured status requirements through December 31, 2017. AR 31. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Zinzow had the severe impairments of osteoarthritis and allied disorder; spine disorder; disorders of muscle, ligament and fascia; dysfunction of major joints; affective disorder; and substance addition disorder. AR 31. Through the date last insured, he had the residual functional capacity ("RFC") to perform medium work except that he could do occasional climbing of ladders, ropes and scaffolds; and frequent bilateral overhead reaching. He can understand, remember and carry out simple, repetitive tasks and is limited to working primarily with things rather than people. AR 34. Zinzow could not perform his past relevant work but there were jobs that existed in significant numbers in the national economy that he could perform such as hand packager, linen room attendant and kitchen helper. AR 38-39.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Examining Psychiatrist

An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Vari conducted a qualified psychiatric evaluation, including psychological testing, on December 11, 2013. AR 2668-2819. Dr. Vari also reviewed Zinzow's entire medical file. AR 2667, 2669.

Dr. Vari diagnosed alcohol dependence, depressive disorder NOS, and paranoid personality traits. Zinzow had a Global Assessment of Functioning ("GAF") of 55.[2] AR 2816. Dr. Vari recommended "detox on an inpatient basis and attending 30 to 90 days of rehab" due to Zinzow's difficulty in maintaining sobriety from alcohol since 2007, his limited insight and his significant rationalizations for ongoing alcoholism. Dr. Vari recommended psychotherapy and possibly psychiatric medications once he is sober. Dr. Vari noted that Zinzow did not wish to pursue this recommendation. AR 2815.

Dr. Vari assessed minimal, very slight or slight impairment in Zinzow's ability to comprehend and follow instructions; maintain attention and concentration for necessary

---

[2] Dr. Vari opined that Zinzow was experiencing moderate psychiatric symptoms and the GAF of 55 took into account Zinzow's "tendency to exaggerate symptoms." AR 2812. A GAF of 55 indicates moderate symptoms "(e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." AR 2801.

periods; understand written and oral instructions; perform simple and repetitive tasks; remember locations and work procedures; maintain a work pace appropriate to a given workload; perform activities within a schedule, maintain regular attendance and be punctual; complete a normal workday and workweek; and respond appropriately to changes in work conditions. Dr. Vari assessed moderate impairment in Zinzow's ability to relate to co-workers beyond giving and receiving instructions; respond appropriately to criticism; and interact appropriately with people. AR 2817.

The ALJ gave some weight to Dr. Vari's opinion. AR 38. The ALJ summarized Dr. Vari's opinion as follows: "Dr. Vari opined that the claimant had minimal impairment in the ability to perform simple and repetitive tasks. Dr. Vari opined that the claimant had a moderate impairment in the ability to relate to other people beyond giving and receiving instructions and ability to influence people. Dr. Vari opined that the claimant had minimal, very slight, or slight impairment in the other mental abilities." AR 37 (citations omitted).

The ALJ noted that "Dr. Vari's opinion that the claimant had minimal impairment in the ability to perform simple, repetitive tasks is generally consistent with the residual functional capacity above." AR 38. Zinzow argues, however, that the ALJ's RFC assessment that Zinzow is limited to working primarily with things rather than people does not capture Dr. Vari's opinion as to the categories in which Zinzow has moderate impairment. Contrary to Zinzow's argument, Dr. Vari assessed moderate limitations in Zinzow's ability to relate to other people "beyond giving and receiving instructions." AR 2817. Nothing in Dr. Vari's opinion precluded Zinzow from accepting instructions or asking simple questions for assistance. Dr. Vari assessed only minimal impairment in Zinzow'a ability to "perform simple and repetitive tasks," "[a]sk simple questions or request assistance, "[p]erform activities of a routine nature" and "[u]nderstand written and oral instructions." *Id.* In the category of moderate impairment "beyond giving and receiving instructions," Dr. Vari opined that Zinzow was moderately impaired in his ability to perform work activities "requiring negotiating, explaining or persuading" or an

5

ability to "convince or direct others."  Zinzow had moderate impairment in his ability to "[r]espond appropriately to criticism" and "[i]nteract appropriately with people."  *Id.*  The ALJ could reasonably interpret Dr. Vari's opinion as consistent with his RFC assessment.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (finding ALJ's RFC assessment of simple repetitive tasks did not constitute rejection of moderate mental limitations in opinion testimony); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994) (distinguishing between interpreting medical source testimony and discounting it).  The ALJ did not err.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: January 24, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge